State Agency — Grants — Private Organizations The Arts Humanities Council is not authorized or empowered to lend public funds to a nongovernmental organization for the purpose of financing publication of a book, and is prohibited under Article X, Section 15 of the State Constitution from conferring a grant upon such organization for such purpose. The Attorney General has had under consideration your request for an opinion, wherein you, in effect, as the following: "Is it legal for the State Council to loan or grant public funds to an organization such as the Arts Humanities Council of Stillwater, Oklahoma, Inc. to enable such organization to finance publication of a book?" Statutory authority for creation of the Oklahoma Arts Humanities Council is found in 53 O.S. 161 [53-161] through 53 O.S. 170 [53-170]. These sections are collectively known and may be cited as the `Oklahoma Arts Humanities Act." The powers and duties of the Council are set forth in Section 53 O.S. 166 [53-166], as follows: "The Council is empowered and directed to exercise these powers and duties: (a) Consider the whole state of the arts, humanities, cultural activities and cultural heritage of Oklahoma. The purview of the Council shall not be limited but shall include music, theater, dance, opera, graphic arts, plastic arts, architecture, poetry, plays or any other art or literary form and any of the humanities, regardless of period, school or type. Full attention shall also be given to art and literary festivals, art museums, live performances or concerts, art museums, live performances or concerts, art exhibits and other like endeavors. (b) Survey the artistic, literary and cultural activities and facilities of the state, and the institutions, organizations or individuals engaged in these undertakings. (c) Study information collected and prepare proposals for the study, practice and presentation of the arts, humanities and literature. (d) Foster conferences, institutes and exhibits on the arts, humanities and literature and hold or cooperate in such ventures. (e) Report biennially to the Governor and Legislature on or before January 31, of each odd numbered year. Reports shall include recommendations and suggestions for the expansion and improvement of the arts and humanities and for wider opportunities of participation in those activities by our citizens. (f) Publish any reports, surveys, news bulletins or other materials pertaining to its findings, recommendations and work. (g) Perform or engage in all else necessary or desirable to give full force and effect to the provisions of this act. Laws 1965, c. 263, Section 6." Its authority to expend funds and engage personnel are set forth in Section 153 O.S. 68 [53-68] (1968), as follows: "The Council may, within the limits of funds made available to it by appropriation or otherwise, make expenditures for its operation, and may also employ and fix the compensation of such personnel it shall deem essential to the discharge of its duties as provided by 74 O.S. 801 [74-801] through 74 O.S. 839 [74-839] (1961), as amended. Laws 1965, c. 263, Section 8." The quoted sections are devoid of any authority whatsoever under which the State Council is empowered to lend public funds to another entity such as the Stillwater organization, which appears to be a body corporate. Shaw v. Grumbine, 137 Okl. 95, 278 P. 311, reaffirmed in Brown v. State Election Board, 369 P.2d 140, sets forth the applicable rule in paragraph 11 of the syllabus, as follows: "Public officers have only such authority as is conferred upon them by law, and such authority must be exercised in the manner prescribed by law." Article X, Section 15 of the Oklahoma Constitution is dispositive of your question relating to grants. It provides: "The credit of the State shall not be given pledged, or loaned to any individual, company, corporation, or association, municipality, or political subdivision of the state; nor shall the State become an owner or stockholder in, nor make donation by gift, subscription to stock, by tax or otherwise, to any company, association, or corporation." (Emphasis added) Accordingly, it is the opinion of the Attorney General that your question must be answered in the negative, in that the State Council is not authorized to lend public funds to an organization such as the Stillwater Council, nor may the State Council legally confer a grant on the Stillwater Council for the purpose of financing publication of a book. (Carl G. Engling)